UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-00305 DMG (MANx)** | Date | January 18, 2011 |
|---|---|---|---|

| Title | ***Rolf Tillmann, et al. v. Bank of America Corporation, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION**

On November 2, 2010, Plaintiffs Rolf Tillmann, Leslie Tillman, and Marie Forester filed a complaint in Los Angeles County Superior Court against Bank of America Corporation ("BAC"), Countrywide Financial Corporation, Countrywide Home Loans, Inc., Recon Trust Company, CT Real Estate Services, Inc. ("CT"), James Agate ("Agate"), and Does 2 through 100. (Compl. ¶¶ 15-27.) On January 11, 2011, BAC removed the action to this Court on the basis of diversity of citizenship. *See* 28 U.S.C. §§ 1332(a), 1441.

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). The existence of diversity depends upon the citizenship of the parties named, regardless of whether they have been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969); *see also Soo v. United Parcel Service, Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999). Citizenship is determined as of the date the action was filed in state court. *See Digimarc*, 549 F.3d at 1236 ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." (quoting *Mullan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824))). The removing party has the burden of demonstrating diversity. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

Plaintiffs are California citizens. (Compl. ¶¶ 15-17.) BAC is a citizen of Delaware and North Carolina for diversity jurisdiction purposes. (*See* Compl. ¶ 18; Notice of Removal ¶ 8.) Defendants CT and Agate, however, appear to be citizens of California. (*See* Compl. ¶¶ 22-23.)[1] If so, then CT and Agate's citizenship defeats diversity.

---

[1] Paragraph 22 is mislabeled "222."

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk ys |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-00305 DMG (MANx)** | Date | January 18, 2011 |
| Title | ***Rolf Tillmann, et al. v. Bank of America Corporation, et al.*** | Page | 2 of 2 |

    Accordingly, BAC is **ORDERED TO SHOW CAUSE** why this action should not be remanded for lack of jurisdiction. BAC shall file its response on or before **January 25, 2011**.

**IT IS SO ORDERED.**